# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1794 | **DATE** | 7/23/2008 |
| **CASE TITLE** | FMI Industries v. Law Office of Ross Gelfand, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration of the May 6, 2008 dismissal order [459] is denied. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [ For further details see text below.]                                    Notices mailed by Judicial staff.

## STATEMENT

Plaintiff's motion for reconsideration cannot be granted because it fails to attach a proposed joint final pretrial order that complies with the local rules and this court's standing order, and fails to includes defendant's materials and objections. As the record amply demonstrates, plaintiff has repeatedly failed to cooperate in the preparation of a joint final pretrial order, and has twice attempted to file its own unilateral "drafts" without following the orderly process for exchanging materials with defendant and finalizing a **joint final** pretrial order.

A pretrial order in this case is a relatively simple document. The sole issue not resolved by summary judgment is plaintiff's copyright claim for equitable relief against one defendant, Law Office of Ross Gelfand. All this court requires in a bench case is an agreed statement of facts, and witness and exhibit lists. Trial briefs and proposed findings of fact and conclusions of law are optional, and not required.

Bench trials were previously set on May 7, 2008 and June, 16, 2008. Both trial dates had to be cancelled because of plaintiff's failure to prepare a joint final pretrial order that complied with the local rules and included defendant's materials and objections. In filing the motion to reconsider, plaintiff still fails to proffer an acceptable proposed pretrial order - or indeed any pretrial order at all. This inexplicable situation is consistent with the history of plaintiff's litigation behavior: ignoring local rules and court orders, and disregarding notice requirements with respect to opposing counsel. The court and opposing counsel have identified the specific deficiencies in plaintiff's prior "drafts," which could have easily been cured several months ago. Accordingly, the court concludes that plaintiff's failure to comply with the local rules and court orders is deliberate and not in good faith.

*Suzanne B. Conlon*

| | Courtroom Deputy Initials: | WH |
|---|---|---|