IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FM INDUSTRIES, INC., | ) |
|                                     Plaintiff, | ) Civil Action No.: 07 C 1794 |
| v. | ) Suzanne B. Conlon, Judge |
| CITICORP CREDIT SERVICES, INC., CITIGROUP, INC., CITIBANK (SOUTH DAKOTA), N.A., and LAW OFFICE OF ROSS GELFAND, LLC, | ) |
|                                     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

FM Industries, Inc. ("FMI") objects to the magistrate judge's report and recommendation that attorneys' fees and costs should be awarded to Law Office of Ross Gelfand, LLC ("Gelfand"), Citicorp Credit Services, Inc. ("CCSI"), Citigroup, Inc. ("Citigroup"), and Citibank (South Dakota), N.A. (collectively, "Citi defendants"), as the prevailing parties under the Copyright Act, 17 U.S.C. § 505. FMI attorneys Wayne Rhine and William T. McGrath object to the magistrate judge's recommendation that sanctions be imposed against them under 28 U.S.C. § 1927. The objections are overruled, and the magistrate judge's report and recommendation is adopted.

**BACKGROUND**

FMI is the claimed owner of TUCANS, a computer software program used in the debt collection industry. CCSI contracted with FMI to use TUCANS to share debtor data with its collection attorneys. Gelfand is a CCSI collection attorney; Gelfand allegedly accessed CCSI

1

data using TUCANS after its licensing agreement expired. FMI sued Citi defendants and Gelfand for copyright infringement and breach of contract.

FMI sought actual damages and infringer profits or, alternatively, in excess of a billion dollars in statutory damages for infringement. FMI was precluded from seeking statutory damages because the alleged infringement preceded FMI's registration of the TUCANS copyright. 17 U.S.C. § 412. FMI pursued minimal discovery. It sought the depositions of Citigroup's Chairman and Chairman Emeritus who had no personal knowledge of the case, yet waited until the close of the third extended discovery deadline to seek depositions of key witnesses. Dkt. 466 at Ex. 5, January 10, 2008 Tr. at 7.

FMI's motion for partial summary judgment against Gelfand for copyright infringement was denied because of a genuine issue of material fact concerning FMI's ownership of the TUCANS copyright. Dkt. 375, January 14, 2008 Mem. Op. and Order. FMI claimed it owns TUCANS because it received the copyright from another company in a written transfer agreement, but lost the agreement. In part because FMI failed to respond to Citi defendants' Local Rule 56.1 statement of material facts, Citi defendants' summary judgment motions were granted because FMI failed to raise a genuine issue of material fact that Citi defendants induced, knew of, or participated in copyright infringement. Dkts. 429, March 17, 2008 Mem. Op. and Order. FMI repeatedly attempted to correct its summary judgment responses, but never submitted compliant pleadings or admissible evidence.

Gelfand and Citi defendants obtained summary judgment in their favor on FMI's damages claims. *Id.* FMI failed to substantiate actual damages or infringer profits, and it was precluded from seeking statutory damages because the alleged infringement preceded FMI's

2

registration of the TUCANS copyright. *Id.* All that remained for a bench trial was FMI's claim for injunctive and declaratory relief against Gelfand for copyright infringement. However, due to FMI's failure to cooperate in preparing and submitting a joint final pretrial order that incorporated Gelfand's materials, the surviving claim against Gelfand was dismissed with prejudice. Dkt. 455, May 6, 2008 Min. Entry. FMI sought reconsideration, yet still failed to submit a joint final pretrial order. Dkt. 495, July 23, 2008 Min. Entry. FMI's Rule 60(b) motions were denied, and § 1927 sanctions were entered against Rhine for filing the baseless motions. Dkt. 532, October 21, 2008 Mem. Op. and Order.

## DISCUSSION

### I. The Magistrate Judge's Report and Recommendation

The magistrate judge found Gelfand and Citi defendants are prevailing parties under § 505 and presumptively entitled to attorneys' fees and costs. *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). FMI did not rebut the presumption. Dkt. 528, Report and Recommendation ("R&R") at 6-7. Gelfand's alleged infringement preceded FMI's registration of the TUCANS copyright; therefore, the Copyright Act expressly precluded statutory damages. 17 U.S.C. § 412. FMI nevertheless pursued statutory damages and sought no discovery for actual damages. R&R at 8. FMI failed to pursue discovery to establish its claims, yet repeatedly requested discovery extensions. *Id.* FMI noticed the depositions of Citigroup, Inc.'s Chairman and Chairman Emeritus, but failed to seek depositions of individuals actually involved with TUCANS. *Id.*

According to the magistrate judge, FMI's litigation conduct suggests the lawsuit's purpose was to harass, not pursue a meritorious claim. *Id.* FMI's litigation conduct, and FMI's

3

frivolous discovery motions seeking billions of dollars, also warrant § 1927 sanctions against FMI's lead counsel Wayne Rhine, and counsel of record William T. McGrath who has expertise in copyright law and should have known FMI's claims were frivolous. *Id.* at 9-10.

The magistrate judge reduced Citi defendants' attorneys' fees from $414,585.24 to $354,585.24 because of excessive billing, but recommended awarding the requested $27,766.00 in costs. *Id.* at 12-13. He recommended awarding Gelfand $371,934.40 in attorneys' fees and $19,483.31 in costs.[1] The R&R recommended that Citi defendants' request for $72,979.84 in sanctions under § 1927 be reduced to $35,000.00 because some discovery disputes were typical litigation disputes. *Id.* at 15-16. Citi defendants and Gelfand do not object to the reductions.

## II. Legal Standard

Objections to a magistrate judge's report and recommendation on dispositive motions, including attorneys' fees and sanctions motions, are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994); *Continental Bank, N.A. v. Everett*, 861 F. Supp. 642, 643 (N.D. Ill. 1994) (Nordberg, J.). *De novo* review does not necessitate a new hearing; it requires "'fresh consideration'" of the issues to which a party specifically objects. *Rajaratnam v. Moyer*, 47 F.3d 922, 925 n.8 (7th Cir. 1995) (citation omitted). The report and recommendation may be accepted, rejected, or modified; further evidence may be received; or the case may be returned to the magistrate judge with directions. Fed. R. Civ. P. 72(b)(3).

---

[1] The magistrate judge's report reflects that Gelfand requests $371,934.40 in attorneys' fees and $19,483.31 in costs (a total of $391,417.71), but recommends $391,414.71. R&R at 13, 17. This appears to be a typographical error.

4

### III. Objections

FMI, Rhine, and McGrath object to the imposition of § 505 fees and costs and § 1927 sanctions, respectively, but do not object to the reasonableness of the fees and costs requested.

#### A. 17 U.S.C. § 505

FMI contends Citi defendants and Gelfand are not entitled to § 505 fees and costs because they are not prevailing parties under the Copyright Act. According to FMI, the case was not dismissed on the merits. Rather, it was dismissed because FMI failed to prove ownership of the TUCANS copyright, failed to prove damages, failed to submit compliant summary judgment responses, and failed to submit a joint final pretrial order.

Section 505 authorizes an award of attorneys' fees and costs to the prevailing party in a Copyright Act lawsuit. 17 U.S.C. § 505. A litigant prevails when it obtains a material alteration of the parties' legal relationship. *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). For instance, a voluntary dismissal with prejudice renders a defendant the prevailing party entitled to a presumption of fees and costs under § 505. *Mostly Memories*, 526 F.3d at 1099. A prevailing *defendant* is entitled to a "'very strong'" presumption of § 505 fees and costs. *Id.* at 1098-99 (quoting *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)). Section 505 encourages a defendant to pursue meritorious copyright defenses without fear of burdensome attorneys' fees and costs. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994); *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005).

FMI's case was dismissed with prejudice. This entitles defendants to a presumption of fees and costs under § 505, regardless of the basis for dismissal. *See Mostly Memories*, 526 F.3d

at 1099. The dismissal of FMI's case materially alters the parties' legal relationship – FMI's claims against defendants are barred.

FMI minimizes and omits the dismissal bases. FMI failed to establish ownership of the TUCANS copyright. Ownership is a *prima facie* element of a copyright infringement claim. *Feist Publs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). FMI failed to substantiate actual damages or infringer profits. Its billion dollar statutory damages claim was expressly barred by the Copyright Act because the alleged infringement preceded FMI's registration of its TUCANS copyright. 17 U.S.C. § 412. In part because FMI failed to respond to Citi defendants' Local Rule 56.1 statement of material facts, FMI failed to raise a genuine issue of material fact that Citi defendants induced, knew of, or participated in copyright infringement – FMI's theory for its infringement claim against Citi defendants. Despite repeated attempts to rectify its procedural deficiency, FMI never submitted any admissible evidence to support this theory. And FMI's equitable claim against Gelfand was dismissed with prejudice because FMI repeatedly failed to cooperate in preparing and submitting a joint final pretrial order that included Gelfand's materials. Defendants prevailed under § 505, and are presumably entitled to their attorneys' fees and costs.

FMI challenges the magistrate judge's characterization of its litigation conduct in finding FMI did not rebut the presumption of fees and costs. But FMI's litigation conduct is not dispositive. The determination of whether a litigant has rebutted the presumption of fees and costs to a prevailing party includes consideration of frivolousness, motivation, objective unreasonableness in the factual and legal components of the case, and the need to promote compensation and deterrence. *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir.

2007). The most important factors are the strength of the prevailing party's case, and the amount of damages or other relief the party obtained. *Id.* A finding of frivolity or bad faith is not required under the Copyright Act. *Id.*

Citi defendants and Gelfand raised strong defenses, including FMI's inability to claim statutory damages or establish ownership of the TUCANS copyright. They defeated liability, but, as prevailing defendants, did not recover any relief. The undisputed record reflects FMI sought billions of dollars in plainly unavailable statutory damages. FMI noticed the depositions of Citigroup's Chairman and Chairman Emeritus, although these individuals had no personal knowledge of the facts in this case. A reasonable inference may be drawn that FMI's strategy was to coerce a settlement by exposing defendants to extraordinary expense and burdens by seeking depositions of their high-ranking officers. The strong presumption of a prevailing defendant's entitlement to its attorneys' fees and costs under § 505 allows a defendant to avoid this very predicament. *See Woodhaven Homes*, 396 F.3d at 824. Defendants are entitled to their attorneys' fees and costs under § 505.

Gelfand requests an additional $18,289.50 in attorneys' fees and $449.47 in costs incurred since filing his § 505 motion. Gelfand supports the time spent and fee rates. Dkt. 546, Gelfand Response to FMI's Obs., Ex. A. FMI does not contest the reasonableness of the fees and costs sought. Gelfand's request is granted.

## B. 28 U.S.C. § 1927

Rhine argues his litigation conduct does not warrant § 1927 sanctions. Section 1927 provides that any attorney who unreasonably and vexatiously multiplies the proceedings in a case may be required to satisfy personally the attorneys' fees and costs incurred because of the

7

conduct. 28 U.S.C. § 1927. Sanctions may be imposed under § 1927 when an attorney acts objectively unreasonable by seriously disregarding the orderly process of a case, pursuing a claim with no plausible legal or factual basis and lacking in justification, or pursuing a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. *The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Rhine objects to the magistrate judge's finding that he advocated for unavailable statutory damages. According to Rhine, FMI's complaint sought statutory damages in the alternative, and "all indications were that the plaintiff would have selected actual damages and profits as they would have far exceeded any statutory damages." Rhine Objs. at 5. Rhine presents no legal or factual basis for this statement. Actual damages would have exceeded statutory damages because statutory damages were barred under § 412 of the Copyright Act. FMI's complaints nevertheless requested billions of dollars in statutory damages. Dkt. 216, 2nd Am. Compl. at 18. And FMI failed to substantiate actual damages or infringer profits. Section 1927 imposes a continuing duty upon attorneys to dismiss claims that are no longer viable. *Jolly Group*, 435 F.3d at 720. FMI's counsel unreasonably and vexatiously multiplied the proceedings by the continued pursuit of a frivolous billion dollar damages claim.

Rhine objects to the magistrate judge's finding he sought minimal and irrelevant discovery and filed meritless discovery motions. FMI sought to depose Citigroup's Chairman and Chairman Emeritus – individuals who lacked personal knowledge of FMI's allegations. FMI waited until almost the close of the third extended discovery deadline to seek depositions of key witnesses. January 10, 2008 Tr. at 7. FMI filed 23 discovery motions; five of the motions were duplicative. In one instance, FMI sought billions of dollars in sanctions against CCSI for

perceived inadequate discovery responses. Dkt. 192, FMI Sanctions Mtn. at 10. These discovery tactics compound the basis for § 1927 sanctions.

McGrath objects to the imposition of § 1927 sanctions because he was not lead counsel for FMI, and his involvement in discovery was minimal. The record reflects McGrath's expertise is copyright law. Less than two weeks after McGrath filed his appearance, FMI filed an amended complaint continuing to seek unavailable statutory damages. Dkt. 139, McGrath Appear.; 2nd Am. Compl. at 18. McGrath contends he did not prepare or review the amended complaint. But he was FMI's counsel. McGrath was also responsible for continuing to pursue the non-viable statutory damages claim, particularly given his copyright expertise. *See Jolly Group*, 435 F.3d at 720. Even if McGrath's involvement in discovery was limited, as he claims, he was FMI's attorney and acquiesced in FMI's discovery conduct. Sanctions are imposed against Rhine and McGrath for unreasonably and vexatiously multiplying these proceedings.

## CONCLUSION

The objections to the magistrate judge's report and recommendation lack merit. Citi defendants and Gelfand are prevailing parties under § 505 of the Copyright Act, and are presumptively entitled to their attorneys' fees and costs. FMI fails to rebut this presumption. FMI counsels' litigation conduct and frivolous pursuit of billions of dollars in unavailable statutory damages warrant § 1927 sanctions.

Citi defendants are awarded $354,585.24 in attorneys' fees and $27,766.00 in costs against FMI under § 505. The fee award should be reduced to the extent the time entries are encompassed in this court's October 21, 2008 award of $2,694.60 in attorneys' fees as § 1927 sanctions against Rhine for filing baseless Rule 60(b) motions. Gelfand is awarded $390,223.90

in attorneys' fees and $19,932.78 in costs against FMI under § 505. Citi defendants are awarded $35,000.00 in sanctions against Rhine and McGrath jointly and severally under § 1927.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

February 4, 2009